## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| | |
| MICHAEL WILLIAM KIRTLEY | CASE NO. 1200624EE |
| LEIGH LANEY KIRTLEY | |
| | |
| A & M INVESTMENTS, LLC, SUREKHA PATEL | |
| AND TRISHAN, LLC | |
| | |
| V. | ADVERSARY NO. 1200079EE |
| | |
| MICHAEL WILLIAM KIRTLEY | |
| AND LEIGH LANEY KIRTLEY | |

| | |
|---|---|
| Hon. R. Michael Bolen<br>3770 Hwy. 80 West<br>Jackson, MS 39209 | Attorneys for A & M Investments, LLC, Surekha Patel and Trishan, LLC |
| | |
| Hon. Mark Dannel Ray<br>1000 Lake Village Circle<br>Brandon, MS  39047 | |
| | |
| Hon. Eileen N. Shaffer<br>P. O. Box 1177<br>Jackson, MS 39215-1177 | Attorney for the Debtors |

Edward Ellington, Judge

### MEMORANDUM OPINION ON *MOTION OF PLAINTIFFS FOR SUMMARY JUDGMENT*

**THIS MATTER** came before the Court on the *Motion of Plaintiffs for Summary Judgment* (Adv. Dkt. #17) filed by A & M Investments, LLC, Surekha Patel and Trishan, LLC, and

the *Response to Motion for Summary Judgment* (Adv. Dkt. #22) filed by Michael William Kirtley and Leigh Laney Kirtley. After considering the pleadings and the briefs, the Court finds that the *Motion of Plaintiffs for Summary Judgment* (Adv. Dkt. #17) should be denied.

## FINDINGS OF FACT

Michael William Kirtley and Leigh Laney Kirtley (Debtors) filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 23, 2012. The *Voluntary Petition* (Dkt. #1) states that the nature of the Debtors' debts are primarily business debts.

Also on February 23, 2012, the Debtors filed their *Summary of Schedules, Statement of Financial Affairs,* and *Chapter 7 Statement of Current Monthly Income and Means-Test Calculation* (Dkt. #3).

In their *Summary of Schedules* (Schedules), the Debtors list the following alleged debts:

See next page.

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER | codebtor | hwjc | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | contingent | unliquidated | disputed | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| A & M Investments c/o Mark D. Ray, Esq. 1000 Lake Village Cir. Brandon, MS 39047 | | J | Business K & K Pet Products Export, LLC | | | | 107,650.00 |
| Surekha Patel c/o Mark D. Ray, Esq. 1000 Lake Village Cir. Brandon, MS 39047 | | J | Business K & K Pet Products Export, Inc. | | | | 68,066.76 |
| Trishan, LLC c/o Mark D. Ray, Esq. 1000 Lake Village Cir. Brandon, MS 39047 | | J | Business | | | | 107,650.00[1] |

Shortly after the case was filed, A & M Investments, LLC, Surekha Patel, and Trishan, LLC filed a flurry of motions on March 7, 2012: a motion for a 2004 examination, an objection to exemptions, a motion to determine whether debts are business debts, and a motion for itemization of assets.[2]

On July 3, 2012, A & M Investments, LLC, Surekha Patel, and Trishan, LLC (collectively, A & M) initiated the above-styled adversary proceeding by filing their *Complaint Objecting to*

---

[1] *Summary of Schedules, Schedule F – Creditors Holding Unsecured Nonpriority Claims,* Case No. 1200624EE, Docket #3, February 23, 2012.

[2] All of these pleadings were filed in the main bankruptcy case. All have been held in abeyance pending the outcome of the above-styled adversary proceeding. (See Dkt. #83).

3

*Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability Pursuant to 11 U.S.C. § 523* (Adv. Dkt. #1) (Complaint). In its Complaint, A & M alleges the following counts:

> Count 1: The Debtors violated 11 U.S.C. § 727(a)(2) by transferring and/or concealing property of the estate;
>
> Count 2: The Debtors violated § 727(a)(4) by knowingly making a false oath;
>
> Count 3: The Debtors violated § 727(a)(5) by failing to explain any loss of assets;
>
> Count 4: The Debtors violated § 727(a)(6) by failing to obey an order of the Court; and
>
> Count 5: The Debtors violated § 523(a)(2) by obtaining credit by false pretenses, actual fraud or false representations.

The Debtors filed their *Response to Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability Pursuant to 11 U.S.C. § 523* (Adv. Dkt. #8) (Response to Complaint). In their Response to Complaint, the Debtors deny that A & M is entitled to any of the relief requested in its Complaint.

On February 18, 2013, A & M filed its *Motion of Plaintiffs for Summary Judgment* (Adv. Dkt. #17) (Motion). The Motion simply states that A & M is entitled to "summary judgment or partial summary judgment on the relief they are requesting."[3] However, in the *Conclusion* portion of its *Plaintiffs' Memorandum in Support of Motion for Summary Judgment* (Adv. Dkt. #18) (A & M's Brief), A & M states that it is entitled to summary judgment or partial summary judgment as to Counts 1, 2, 3, and 4, and does not refer to Count 5. Accordingly, the Motion addresses only the discharge issues alleged under 11 U.S.C. § 727.[4]

---

[3] *Motion of Plaintiffs for Summary Judgment,* Adv. Proc. No. 1200079EE, Adv. Dkt. #17, unnumbered page 3, February 18, 2013.

[4] Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

The Debtors filed their *Response to Motion for Summary Judgment* (Adv. Dkt. #22) (Response) and *Memorandum in Support of Response to Motion for Summary Judgment* (Adv. Dkt. #23) (Debtors' Brief) on April 18, 2013. The Debtors allege that there are material facts in dispute, and therefore, A & M is not entitled to summary judgment on Counts 1, 2, 3, and 4.

A & M filed its *Plaintiffs' Rebuttal Memorandum in Support of Motion for Summary Judgment* (Adv. Dkt. #24) (Rebuttal Brief) on April 25, 2013. The Court then took the matter under advisement.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(I).

### II. Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure,[5] as amended effective December 1, 2010,[6] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, "the court does not weigh the

---

[5] Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

[6] The Notes of Advisory Committee to the 2010 amendments state that the standard for granting a motion for summary judgment has not changed, that is, there must be no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Further, "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases."

5

evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 (1986)." *Newton v. Bank of America (In re Greene),* 2011 WL 864971, at *4 (Bankr. E.D. Tenn. March 11, 2011).

"The moving party bears the burden of showing the . . . court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)." *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003).

Once a motion for summary judgment is pled and properly supported, the burden shifts to the non-moving party to prove that there are genuine disputes as to material facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."[7] Or the non-moving party may "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute."[8] When proving that there are genuine disputes as to material facts, the non-moving party cannot rely "solely on allegations or denials contained in the pleadings or 'mere scintilla of evidence in support of the nonmoving party will not be sufficient.' *Nye v. CSX Transp., Inc.,* 437 F. 3d 556, 563 (6th Cir. 2006); *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986)." *Newton,* 2011 WL 864971, at *4. "[T]he nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." *Malacara v. Garber,* 353 F.3d 393, 404 (5th Cir.

---

[7] Fed. R. Bankr. P. 7056(c)(1)(A).

[8] Fed. R. Bankr. P. 7056(c)(1)(B).

6

2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 106 S. Ct. at 1356 (citations omitted).

When considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. *Thatcher v. Brennan*, 657 F. Supp. 6, 7 (S.D. Miss. 1986), *aff'd*, 816 F.2d 675 (5th Cir. 1987)(citing *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 (5th Cir. 1984)); *See also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538, 553 (1986). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S. Ct. 2502, 2512, 91 L. Ed. 2d 202 (1986).

## II. Application to the Case at Bar

### A. Section 727

A & M objects to the Debtors' discharge under various subsections of § 727. Section 727 states in pertinent part:

(a) The court shall grant the debtor a discharge, unless--

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--

7

> (A) property of the debtor, within one year before the date of the filing of the petition; or
>
> (B) property of the estate, after the date of the filing of the petition;
>
> . . . .
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
>
>> (A) made a false oath or account;
>>
>> (B) presented or used a false claim;
>>
>> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>
>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;
>
> (6) the debtor has refused, in the case–
>
>> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;
>>
>> (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
>>
>> (C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

11 U.S.C. § 727(a).

The objecting party must show by a preponderance of the evidence it has met the grounds for a denial of a debtor's discharge. *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Comerica Bank v. Rajabali (In re Rajabali),* 365 B.R. 702, 714 (Bankr. S.D. Tex. 2007); *East Central Plan'g & Dev. Dist., Inc. v. Clifford (In re Clifford)*, No. 0501472EE, 2008 WL 1988714 (Bankr. S.D. Miss. May 2, 2008).

### B. Standing to Object

However, Congress limited who may object to a debtor's discharge. "The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 727(c)(1). In order for A & M to have standing to object to the Debtors' discharge, therefore, A & M must be a creditor of the Debtors. *See Hoffmeister v. Early (In re Early)*, No. 1051400KMS, 2013 WL 5442775 (Bankr. S.D. Miss. Sept. 30, 2013).

The Bankruptcy Code broadly defines the term *creditor* as "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A c*laim,* in turn, is defined as "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). Accordingly, a holder of a claim, even if the claim is disputed, is a *creditor* and has standing under § 727.

Turning to the Adversary, A & M has not filed a proof of claim in this case. A & M did not attach to its Complaint, to its Motion, to A & M's Brief, or to its Rebuttal Brief a copy of a promissory note, a deed of trust, or any other document to show that it has a *claim* against the Debtors.

9

In the Response to Complaint, Mr. Kirtley patently denied that he owed any money to A & M, and although Mrs. Kirtley admitted that A & M loaned her money, she stated that "she cannot sufficiently admit or deny the accuracy of any loan referred to in this proceeding as [A & M] failed to attach any exhibits supporting their claim."[9]  Indeed, in all of the pleadings the Debtors have filed in the adversary proceeding, the Debtors have asserted that A & M has failed to provide any proof to support the indebtedness they allege the Debtors owe it.  The Debtors also assert in their pleadings that A & M has never stated what dollar amount it alleges the Debtors owe it.

In response to the Debtors' assertions that A & M has failed to submit any proof of its debt, A & M states in its Rebuttal Brief:  "Finally, [Debtors] make a peculiar contention that [A & M] failed to provide proof of indebtedness.  Perhaps [Debtors] have forgotten, but they listed [A & M] as creditors in their schedules thereby acknowledging an indebtedness to [A & M] and making them parties in interest in this case."[10]

As noted above, the movant has the burden of proving that there is not a genuine dispute as to any material fact and that as a matter of law, the movant is entitled to a judgment.[11]  The Court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most favorable to the non-moving party, and the motion should be granted; only where there is no genuine issue of material fact.  *Thatcher*, 657 F. Supp. at 7;  *see also Matshushita*, 475 U.S. at 587-88.

---

[9] *Response to Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727 and Dischargeability Pursuant to 11 U.S.C. § 523,* Adv. Proc. No. 1200079EE, Adv. Dkt. #8, unnumbered page 1 & 2, ¶ ¶ 1 & 4.

[10] *Plaintiffs' Rebuttal Memorandum in Support of Motion for Summary Judgment,* Adv. Proc. No. 1200079EE, Adv. Dkt. #24, unnumbered page 5.

[11] Fed. R. Civ. P. 56(a).

The Court finds that A & M has totally failed to meet its burden of showing "an absence of evidence to support the [Debtors'] case."[12]  Further, not only has A & M failed to meet its burden as required under *Celotex*, A & M has totally failed to submit any evidence to support its claim that it is a creditor of the Debtors.  Whether A & M is a creditor of the Debtors and has standing to object to the Debtors' discharge under § 727(c) is a genuine fact issue which precludes the entry of summary judgment in A & M's favor.  Because A & M's status as a creditor is a disputed fact, summary judgment on the merits of A & M's claims is inappropriate.

In reaching this finding, the Court rejects A & M's contention that the fact that the Debtors listed A & M as a creditor in their schedules constitutes sufficient proof of the indebtedness owed by the Debtors to A & M.  In *Stanley v. Vahlsing, (In re Vahlsing),* 829 F.2d 565, 567 (5th Cir. 1987), the Court of Appeals for the Fifth Circuit held that the fact that a debtor has listed a creditor in his/her schedules does not by itself establish standing under § 727(c) to pursue an objection to discharge.  *See Adams Farms v. James (In re James)*, 166 B.R. 181, 184 (Bankr. M.D. Fla. 1994)("Fifth Circuit concluded that the fact that [a claim] was scheduled by the Debtor does not establish standing to pursue a claim pursuant to § 727(c).").

## CONCLUSION

In order for summary judgment to be entered, the movant bears the burden of showing that there is no genuine dispute as to any material fact.  The Court finds that A & M has failed to meet its burden of showing that there is no genuine dispute as to its status as a creditor of the Debtors, and thereby, its standing under § 727(c) to pursue an objection to the Debtors' discharge.  Therefore, without reaching the merits of the Motion, the Court finds that summary judgment may not be

---

[12]*Celotex,* 477 U.S. at 325.

11

entered.

A separate judgment consistent with this Opinion will be entered in accordance with Rule 7054 of the Federal Rules of Bankruptcy Procedure.

Edward Ellington
United States Bankruptcy Judge

Dated: November 8, 2013